**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 21-1222**

———————————

WILLIAM ORR,

        Plaintiff - Appellant,

    v.

U.S. EPA; U.S. DEPARTMENT OF INTERIOR; U.S. FOREST SERVICE; U.S. FISH AND WILDLIFE SERVICE; FRENCH BROAD ELECTRIC MEMBERSHIP CORPORATION; JEFF LOVEN, Personally and as General Manager,

        Defendants - Appellees.

———————————

**No. 21-1841**

———————————

WILLIAM ORR,

        Plaintiff - Appellant,

    v.

UNITED STATES DEPARTMENT OF THE INTERIOR; UNITED STATES FOREST SERVICE; UNITED STATES FISH AND WILDLIFE SERVICE; FRENCH BROAD ELECTRIC MEMBERSHIP CORPORATION; JEFF LOVEN, Personally and as General Manager; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

        Defendants - Appellees.

———————————

Appeals from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:19-cv-00226-MOC-WCM)

———————————

Submitted:  June 23, 2022                                        Decided:  August 12, 2022

———————————

Before MOTZ, KING, and QUATTLEBAUM, Circuit Judges.

———————————

No. 21-1222, affirmed as modified; No. 21-1841, affirmed by unpublished per curiam opinion.

———————————

William Orr, Appellant Pro Se.  Allen M. Brabender, Environmental Protection Defense Section, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Jamie A. Stokes, LEAKE & STOKES, PLLC, Asheville, North Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Orr appeals the district court's orders granting Defendants' motions to dismiss in his civil action and denying his motion for a stay pending appeal. Orr also moves for emergency injunctive relief in this court. We affirm the district court's orders and deny Orr's motions for injunctive relief.

We review the district court's order granting Defendants' motions to dismiss de novo. *See Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018) (in context of dismissal pursuant to Fed. R. Civ. P. 12(b)(6)); *In re KBR, Inc.*, 744 F.3d 326, 333 (4th Cir. 2014) (in context of dismissal pursuant to Fed. R. Civ. P. 12(b)(1)). The court found that: (1) Orr lacked standing to sue the French Broad Electric Membership Corporation ("FBEMC"); (2) Orr failed to satisfy the mandatory notice provision as to his claims under the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g)(2)(A), against the United States Environmental Protection Agency ("EPA"), the United States Department of Interior, the United States Forest Service, and the United States Fish and Wildlife Service (collectively, "Federal Defendants") and Jeff Loven, the FBEMC's general manager; and (3) Orr's claims under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136, against the EPA were time-barred. We have reviewed the parties' briefs and the record and discern no reversible errors; the district court properly granted Defendants' motions to dismiss. We similarly discern no error in the court's order denying Orr's motion for a stay pending appeal.

However, as the district court dismissed some of Orr's claims on jurisdictional grounds, the dismissal of those claims should have been without prejudice. *See S. Walk at*

3

*Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (explaining that court lacking "jurisdiction has no power to adjudicate and dispose of a claim on the merits").  The dismissal of Orr's claims against the FBEMC for lack of standing implicated the court's jurisdiction, and therefore should have been without prejudice.  We therefore modify the court's order in No. 21-1222 to reflect that the dismissal of Orr's claims against the FBEMC is without prejudice.  *See* 28 U.S.C. § 2106. We further conclude that Orr's ESA and FIFRA claims against the Federal Defendants and Loven were dismissed pursuant to nonjurisdictional claim-processing rules and, therefore, those claims were properly dismissed with prejudice.  *See Jackson v. Modly*, 949 F.3d 763, 776 (D.C. Cir.) (in context of 28 U.S.C. § 2401(a), general civil statute of limitations for actions against United States), *cert. denied*, 141 S. Ct. 875 (2020); *Sierra Club v. Yeutter*, 926 F.2d 429, 437 (5th Cir. 1991) (in context of 16 U.S.C. § 1540(g)(2)(A), ESA mandatory notice provision).  *See generally Naturaland Tr. v. Dakota Fin. LLC*, -- F.4th --, No. 21-1517, 2022 WL 2824971, at *3 to *4 (4th Cir. July 20, 2022) (discussing the courts' shift away from over-adopting a jurisdictional bar, in the context of a Clean Water Act citizen suit provision).

Accordingly, in No. 21-1222, we affirm as modified the district court's order granting Defendants' motions to dismiss.  In No. 21-1841, we affirm the court's order denying Orr's motion for a stay pending appeal.  We deny Orr's motions for injunctive relief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

4

No. 21-1222, *AFFIRMED AS MODIFIED*;
No. 21-1841, *AFFIRMED*